TRAVELERS CASUALTY AND SURETY COMPANY and Travelers Casualty Company of Connecticut, foreign corporations, Petitioners,

v.

VILLAGE HOMES OF COLORADO, INC., a Colorado corporation, Respondent.

No. 06SC471.

Supreme Court of Colorado, En Banc.

Jan. 8, 2007.

Ballard Spahr Andrews & Ingersoll, LLP, Leslie A. Eaton, Jon Bernhardt, Denver, Colorado, Attorneys for Petitioners.

Roberts Levin & Patterson, P.C., Bradley A. Levin, Jeremy A. Sitcoff, Denver, Colorado, Attorneys for Respondent.

Justice HOBBS delivered the Opinion of the Court.

We granted certiorari to review the court of appeals' decision in *Village Homes of Colorado, Inc. v. Travelers Casualty and Surety Co. and Travelers Casualty Co. of Connecticut*, 148 P.3d 293 (Colo.App.2006).[1] This case involves a commercial general liability ("CGL") insurance policy insuring Village Homes of Colorado ("Village Homes"), a homebuilder. Village Homes settled with, and paid, several homeowners for damages arising out of construction defects to their homes. Travelers Casualty and Surety Company and Travelers Casualty Company of Connecticut ("Travelers") insured Village Homes during a portion of the time period when damage to the homes occurred.

Each of the homeowners purchased their homes from a third party, rather than directly from Village Homes. As a result, they did not own their homes during the relevant policy period, although their predecessors in interest did. The trial court found that Travelers nevertheless had an obligation to indemnify Village Homes for its liability for damage to these homes that occurred while Travelers' CGL policy was in effect. The court of appeals affirmed, holding that the plain language of the policy confers coverage. We agree.

We held in *Hoang v. Assurance Co. of America*, also announced today, that the proceeds of the CGL insurance policy at issue in

---

1. We granted certiorari on the following issues:
   Whether the court of appeals erred in not following the precedent of *Browder v. U.S. Fidelity & Guaranty Co.*, 893 P.2d 132 (Colo. 1995), which holds that coverage under a liability insurance policy is not triggered by a third-party property damage claim against an insured brought by a third-party claimant who acquired the property after the expiration of the insurance policy.
   Whether the court of appeals erred in determining that coverage is available under a liability insurance policy for third-party claims brought against an insured by third-party claimants who did not suffer any actual harm during the policy period.

that case are available through garnishment to satisfy the judgment of a subsequent purchaser of the damaged home against the homebuilder because (1) the builder insured itself against liability for damage occurring during the policy period, (2) the damage to the home occurred during the policy period, (3) no exclusion to the policy rendered the insured's policy coverage inapplicable because of a change in the home's ownership, and (4) the builder of the home was liable for the damage to the home. 149 P.3d 798, 800, No. 05SC389, slip op. at 5 (Colo. Jan. 8, 2007). Each of these four criteria is met in the instant case as well; accordingly, we affirm the judgment of the court of appeals and hold that Travelers must indemnify Village Homes.

## I.

Village Homes is a Colorado-based homebuilder. Travelers issued a CGL policy to Village Homes, insuring against liability arising out of occurrences between August 1, 1995 and August 1, 1996, the policy period.

Village Homes built the four homes involved in this dispute. The initial owners of these homes sold them to third parties after the expiration of the policy period. The purchasers discovered damage to their homes that stemmed from defects already existing, but undiscovered, at the time of each purchase. The damage to each home was caused by an ongoing, progressive condition that existed during the policy period.

Village Homes settled these claims and paid the current homeowners. Several insurers insured Village Homes during the years when the homes were damaged. Each of the other insurance carriers indemnified Village Homes according to the terms of their policies, but Travelers denied coverage.

Village Homes filed suit against Travelers, alleging coverage under the CGL policy for liability arising out of the damage that occurred during the policy period. Travelers moved for summary judgment, arguing that there was no coverage under the policy because the homeowners who recovered damages from Village Homes did not own their homes during the policy period. The trial court denied the motion for summary judgment.

The parties stipulated that Travelers issued a CGL policy to Village Homes; the policy period was from August 1, 1995 to August 1, 1996; property damage resulting from an occurrence occurred to the homes during the policy period; each of the homeowners purchased their homes from prior owners in 1997 or 1999; and the total amount of property damage attributable to the Travelers policy period is $200,000.00. The court entered a judgment in favor of Village Homes and against Travelers for $200,000.00.

Travelers appealed this judgment and the court of appeals affirmed.

## II.

We held in *Hoang v. Assurance Co. of America*, also announced today, that the proceeds of the CGL insurance policy at issue in that case are available through garnishment to satisfy the judgment of a subsequent purchaser of the damaged home against the homebuilder because (1) the builder insured itself against liability for damage occurring during the policy period, (2) the damage to the home occurred during the policy period, (3) no exclusion to the policy rendered the insured's policy coverage inapplicable because of a change in the home's ownership, and (4) the builder of the home was liable for the damage to the home. 149 P.3d 798, 800, No. 05SC389, slip op. at 5 (Colo. Jan. 8, 2007). Applying the analysis fully set forth in *Hoang*, we conclude that each of these four criteria is met in the instant case as well.

Village Homes obtained an occurrence-type CGL policy to insure itself against liability arising out of occurrences during the policy period. The parties have stipulated that the damage to the homes at issue in this case resulted from occurrences during the policy period, and that the total amount of property damage attributable to the Travelers policy period is $200,000.00. The only issue on appeal is the so-called *"Browder* issue" that we have decided against the insurer in *Hoang. See Browder v. U.S. Fid. & Guar. Co.*, 893 P.2d 132 (Colo.1995). As in

*Hoang*, the CGL policy here confers coverage for the liability of the homebuilder to the homeowners in this case, and Travelers must indemnify Village Homes for its payment to the homeowners under the settlement agreement, as the trial court and the court of appeals ruled.

### III.

Accordingly, we affirm the judgment of the court of appeals.

BENDER, J., does not participate.